**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CASE NO.:

YAJAIRIS VARGAS,

     Plaintiff,

v.

BLUESTEM BRANDS, INC.,
d/b/a Fingerhut,

     Defendant.

_____/

**COMPLAINT
JURY DEMAND**

1.       Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, §559 *et seq.* ("FCCPA") against Defendant.

**JURISDICTION AND VENUE**

2.       This Court has jurisdiction under 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.       Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

4.       Plaintiff, YAJAIRIS VARGAS (hereinafter, "Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

5.       Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) ***- 6032.

6.      Plaintiff was the "called party" and recipient of Defendant's hereinafter described calls. See *Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012); see also *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

7.      Plaintiff is a "consumer" as defined by Florida Statute §559.55(8).

8.      The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

9.      Defendant, BLUESTEM BRANDS, INC., d/b/a Fingerhut (hereinafter "Defendant"), is a Delaware corporation whose principle place of business is located at 7075 Flying Cloud Drive, Eden Prairie, MN 55344.

10.     Defendant's registered agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

11.     Defendant is a "creditor" and/or "person" as defined by Florida Statute §559.55.

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

12.     At all times relevant to this action, Defendant attempted to collect a consumer debt arising from transactions primarily incurred for personal, family or household purposes from Plaintiff. Specifically, Defendant attempted to collect a consumer debt from Plaintiff concerning a Fingerhut credit account.

13.     Defendant intentionally harassed Plaintiff by calling Plaintiff's cellular telephone several times per day and on back-to-back days, in an effort to collect a consumer debt.

14.     At all times relevant, Plaintiff received between two to five calls per day to her cellular telephone from Defendant.

15.    Upon answering many of these calls, Plaintiff was greeted either by an automated machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

16.    Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. See *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).*

17.    In or about 2016, Plaintiff informed Defendant's agent/representative that they were calling her cellular telephone and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

18.    During the 2016 conversation with Defendant's agents/representatives, Plaintiff unequivocally revoked any express consent Defendant may have had for the placement of telephone calls using an automatic telephone dialing system or a pre-recorded or artificial voice.

19.    Each and every subsequent call Defendant made to Plaintiff's cellular telephone was done so without the express consent of Plaintiff.

20.    Each and every subsequent call Defendant made to Plaintiff's cellular telephone number was knowing and willful.

21.    Subsequent to the 2016 conversation, Plaintiff again demanded that Defendant cease placing calls to her cellular telephone number.

22.    Despite actual knowledge of wrongdoing, Defendant continued calling Plaintiff despite Plaintiff having revoked express consent.

23.     Plaintiff's damages were caused by and directly related to Defendant's use of an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone number.

24.     From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone number, Plaintiff suffered the injury of invasion of privacy and intrusion upon her right of seclusion.

25.     From each and every call placed without express consent placed by Defendant to Plaintiff's cellular telephone number, Plaintiff suffered the injury of the occupation of her cellular telephone.

26.     From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone number, Plaintiff suffered the injury of unnecessary expenditure of her time.

27.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone number was an injury in the form of a nuisance and annoyance to the Plaintiff.

28.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone number resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

29.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone number resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

30.     As a result of the calls described above, Plaintiff was affected in a personal and individualized way by stress, anxiety, embarrassment, and aggravation.

31.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

32.     Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's cellular telephone number removed from Defendant's call list.

33.     Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

34.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

**COUNT I**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

35.     Plaintiff incorporates Paragraphs 1 through 34 herein.

36.     At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

37.     Defendant engaged in an act or omission prohibited under Florida Statute §559.72(7), by willfully engaging in conduct, which can reasonably be expected to harass or abuse the Plaintiff. Specifically, Defendant called Plaintiff several times a day and on back-to-back days in an effort to collect a consumer debt.

WHEREFORE, Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendant for:

a)  Statutory Damages;

b)  Actual Damages;

c)  Punitive Damages;

d)  Attorney's fees, litigation expenses and costs of suit; and

e)  Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

38.      Plaintiff incorporates Paragraphs 1 through 34 herein.

39.      Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C § 227(b)(1)(A)(iii).

40.      Defendant willfully and knowingly violated the TCPA with respect to Plaintiff for each and every of the autodialed calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to cease.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a) $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

b) $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c) a declaration that Defendant's calls violate the TCPA;

d) a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre- recorded or artificial voice;

e) litigation expenses and costs of the instant lawsuit; and

f) such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By:/s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460

BUCHWALD LEGG, PLLC
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Chris@theconsumerlawyers.com

*Attorney for Plaintiff*